NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  06a0072n.06
Filed:  January 26, 2006

**No. 04-6363**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DRAMA SUE DAVIS,                          )
                                          )
       Plaintiff-Appellant,               )
                                          )
v.                                        )   ON  APPEAL  FROM  THE  UNITED
                                          )   STATES DISTRICT COURT FOR THE
TIM HUTCHISON, DUSTIN HENSLEY,            )   EASTERN DISTRICT OF TENNESSEE
VIVIAN  H.  WALKER,  AND  KNOX           )
COUNTY, TENNESSEE,                        )
                                          )
       Defendants-Appellees.              )


       Before:  DAUGHTREY and COLE, Circuit Judges, and HEYBURN,[*] District Judge.


       PER CURIAM.  Pursuant to 42 U.S.C. § 1983 and § 1988, plaintiff Drama Sue Davis

filed this civil rights action against Knox County (Tennessee) Sheriff Tim Hutchinson and

his employees, Dustin Henley and Vivian Walker, in their individual and official capacities;

"John and Jane Does," who were never otherwise identified; and Knox County.  Davis

claimed that her arrest on a ten-year-old warrant violated her rights under the state and

federal constitutions and under Tennessee state law.

---

[*]The Hon. John G. Heyburn, Chief United States District Judge for the Western District of Kentucky,
sitting by designation.

The district court held that the warrant was valid and, therefore, that there was probable cause for the plaintiff's arrest. Ruling that the plaintiff had not suffered a deprivation of any constitutional right, the district court entered summary judgment for the defendants on the federal constitutional claims and declined to exercise supplemental jurisdiction over the remaining state law claims. Henley and Walker have now been voluntarily dismissed as parties to the appeal, and we therefore consider the claims only as to defendant Hutchison, in his individual and official capacities, and as to the County. On the merits of these claims, we find no reversible error and affirm.

The events in this case arose when the plaintiff went to the Knox County Detention Facility to post bail for a co-worker who had been arrested on a minor charge. In order to secure the detainee's release, Davis was asked to present identification. When she was unable to produce a driver's license, Officer Hensley searched office records and discovered that there an outstanding capias warrant for Davis's arrest. After Officer Walker verified that the plaintiff was the person named in the warrant, Walker placed Davis under arrest and took her into custody. Davis claimed that in the process, Walker deprived her of the use of a cane that she needed because of a dislocated hip. She also claimed that no one responded to her request for medication for a migraine headache.

Davis was initially detained at midnight, held in jail overnight, and released at approximately noon the next day, after a total of some 11 or 12 hours in custody. She later alleged that because of Sheriff Hutchison's release policy, she was required to spend

another two or three hours at the facility before she could secure transportation to leave the area, but she offered no proof to support this contention.

It turned out that the capias warrant that led to Davis's arrest was some ten years old. It had been issued when Davis failed to appear in court following her guilty plea to a Knox County indictment charging DUI and reckless driving, for which she was sentenced to 11 months and 29 days, with all but 48 hours of the jail time suspended, and ordered to pay a fine, court costs, and restitution for damage to the property of a third party. Davis was given permission to serve the jail sentence in nearby Hamblen County, and she was allowed a period of time to pay the fine and costs. She was also ordered to appear in Knox County at a later date to verify that she had served the 48-hour sentence and paid the fine and costs. She did not appear as ordered, apparently because she had moved to Texas in the interim. Her lawyer informed the court that he had lost contact with his client and, in addition, conceded that not all the court costs had been paid. As a result, the judge declared Davis's original bond forfeited and issued a capias for her arrest. Davis maintained in her complaint that she had not been given notice of the court appearance.

In that complaint, Davis also contended that she had been arrested without probable cause, because the capias warrant should have been "automatically terminated and removed from the records" after a five-year period, as provided in Tennessee Code § 40-6-206. She charged that the sheriff had improperly maintained office computer records and

failed to train employees of the office to handle the termination of warrants, leading to her "false arrest."

As the district court observed, the mere violation of the state code would not establish grounds for a § 1983 action and, thus, the dispositive issue in this case is whether there was probable cause for the plaintiff's arrest. The court held that the existence of the warrant was sufficient to establish probable cause, unless there was some legal basis for holding that it was invalid. In finding that here was none and that the warrant was in fact valid, the district court relied on an unreported decision of the Tennessee Court of Criminal Appeals, *State v. Allen*, No. 02C01-9503-CR-00087, 1995 WL 764996 (Tenn. Cr. App. Dec. 28, 1995), in which the state court held that the legislative history of § 40-6-206 "indicates that it is a statute of limitations for misdemeanor processes . . . designed as a housekeeping measure to unclog the computers and rid the justice system of stale, unserved, *unadjudicated* cases." *Allen* at *1 (emphasis added). As a result, the *Allen* court concluded, the statute was inapplicable to "warrants issued for execution of sentence after a defendant is convicted." *Id.* That same interpretation of the statute was applied to Davis's case when it reached the state court of appeals, which held:

> We are persuaded by the analysis in *Allen* that Tennessee Code Annotated section 40-6-206 . . . does not provide refuge to a defendant who has been adjudicated guilty and sentenced, as this defendant was . . . [and] does not cause a capias, issued under these circumstances, to become void after five years.

*State v. Davis*, No. E2003-03079-CCA-R3-CD, 2005 WL 737111, at *4 (Tenn. Cr. App. Apr. 1, 2005) (citation omitted).  It follows that the district court did not err in holding that the capias warrant was valid and that its execution did not violate the Fourth Amendment rights of the plaintiff.  It also follows that the court properly granted summary judgment to Sheriff Hutchinson in both his individual and official capacities.  Nor could the plaintiff continue to maintain an action against the County for failure to purge the warrant or train its employees to do so, because there was no reason to void the warrant in question.

Although the district court did not address the plaintiff's deliberate indifference claim in the three memorandum opinions issued below, that claim was brought against defendant Walker, who has now been dismissed from the appeal, and against otherwise unidentified "John and Jane Does."  We conclude that under these circumstances the claim has been abandoned on appeal, but we also note that the record fails to support the allegation that the actions of the defendants constituted deliberate indifference to the plaintiff's serious medical needs or otherwise violated the plaintiff's constitutional rights.

Having correctly disposed of the viable federal claims in the complaint, the district court was not required to maintain jurisdiction over the state law claims.

For the reasons set out above, we AFFIRM the judgment of the district court.